IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| **JANETTE BLACKSHEAR** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-2535 MaV |
| ) | |
| **SHELBY COUNTY HEALTH CARE** ) | |
| **CORPORATION d/b/a THE REGIONAL** ) | |
| **MEDICAL CENTER AT MEMPHIS** ) | |
| Defendant. ) | |

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR STAY ON EXECUTION OF COSTS
PENDING APPEAL**
_____

Before the court is the March 12, 2007, motion of the plaintiff, Janette Blackshear, to stay the execution of court costs pending appeal. The defendant, Shelby County HealthCare Corporation d/b/a The Regional Medical Center at Memphis (the "Med") opposes the motion. The motion was referred to the United States Magistrate Judge for determination. For the reasons set forth below, the plaintiff's motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2007, the court, after the close of the plaintiff's proof, granted the Med's Motion for Judgment as a Matter of Law and entered a judgment in favor of the Med. Subsequently, on February 1, 2007, the Med filed its Bill of Costs for $3,718.87 for the taxable costs it incurred during trial. After a hearing on the court costs, the Clerk of the Court entered

an order taxing costs in the amount of $3,718.87 in favor of the Med.

Blackshear timely appealed the holding of this court on February 14, 2007. On March 12, 2007, in response to the order taxing costs, Blackshear filed a motion to stay the judgment of the district court for costs pending appeal, pursuant to Rule of Appellate Procedure 8. In support of her motion, plaintiff claims that she neither opposes the costs sought by defendant, nor finds them unreasonable, and wishes only that they be postponed until the appeal is final. On May 10, 2007, defendant filed its response to plaintiff's motion, arguing that the relief sought serves no useful purpose and lacks any statutory authority.

## ANALYSIS

In determining whether a stay should be granted under Rule 8(a) of the Federal Rules of Appellate Procedure, the court considers the same four factors that are traditionally considered in determining whether to grant a preliminary injunction. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir. 1991); *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). These factors are the following: 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting

the stay. *Mich. Coal of Radioactive Material Users,Inc.*, 945 F.2d at 153. Although the court considers these same four factors for both a motion to stay pending appeal and a preliminary injunction, the weight given to each of these factors is not necessarily the same. *Id*. A movant seeking a stay on appeal, for example, will be less likely to establish the probability of success on the merits than one who petitions for a preliminary injunction. *Id*. Conversely, a movant seeking a stay on appeal will have a greater likelihood of establishing irreparable harm than one who seeks a preliminary injunction. *Id*. In either case, however, the moving party has the burden of showing a combination of these factors to persuade the court to grant their motion.

In the present case, Blackshear has failed to show that she will suffer an irreparable harm absent a stay. In determining whether a plaintiff will suffer an irreparable harm, the court generally considers three factors: 1) the substantiality of the injury alleged; 2) the likelihood of its occurrence; and 3) the adequacy of the proof provided. *Id*. A party is not irreparably harmed by the denial of a motion to stay or preliminary injunction when the only harm suffered is the payment of monetary expenses necessarily expended during the course of litigation and when other corrective relief will be available at a later date. *See Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24 (1973); *Mich. Coal. of Radioactive Material Users*, 945 F.2d at 154

(granting a motion to stay pending appeal only after finding that the alleged harm would neither be solely monetary nor one that could be resolved at a future date in the ordinary course of litigation).

In her motion, Blackshear neither proves that she will suffer any irreparable harm other than a monetary loss, nor provides any legal or equitable considerations for the granting of her motion. Rather, she admits the costs to be reasonable and expresses her present ability to pay the costs.  Because Blackshear has not shown that she will suffer any damages besides monetary losses if the motion is not granted and because other relief will be available for Blackshear if she wins the case on appeal, the motion is denied.

## CONCLUSION

Blackshear will not be irreparably harmed absent a stay for the execution of costs because she has the present ability to pay the costs, does not object to the costs, finds them reasonable, and adequate compensatory or other corrective relief will be available at a later date.  The plaintiff's Motion for Stay on the Execution of Costs Pending Appeal is therefore denied.

IT IS SO ORDERED this 5th day of June, 2007.

s/ Diane K. Vescovo
UNITED STATES MAGISTRATE JUDGE

4